**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>TONYA ANDREWS, et al.,<br><br>　　　　Respondents. | Case No. 1:25-cv-00506-SAB-HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND GRANTING REQUEST TO SEAL DOCUMENTS<br><br>(ECF Nos. 2, 4) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On April 29, 2025, Petitioner filed a petition for writ of habeas corpus along with a motion for leave to proceed under pseudonym. (ECF Nos. 1, 2.) On April 30, 2025, Petitioner filed a notice of a request to seal any documents that would reveal his identity or the underlying basis of his fear-based claim to protect himself and his family members from harm. (ECF No. 4.) On May 20, 2025, Respondents filed a motion to dismiss and strike unlawfully named respondents, an opposition to Petitioner's motion to proceed under pseudonym, and a statement of nonopposition to sealing documents. (ECF No. 11.) On June 2, 2025, Petitioner filed a reply to Respondents' opposition to the motion to proceed under pseudonym. (ECF No. 12.)

## II.

## LEGAL STANDARDS

### A. Pseudonymous Filings

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

The normal presumption is that the parties will use their real names, which is "loosely related" to the public's right to open courts and the rights of individuals to confront their accusers. Doe v. Kamehameha Schools, 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts have allowed a party to proceed in anonymity where special circumstances justify the secrecy. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" Advanced Textile Corp., 214 F.3d at 1067–68 (alteration in original) (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile Corp., 214 F.3d at 1068.

Courts have generally allowed a party to proceed with anonymity in three circumstances: (1) "when identification creates a risk of retaliatory physical or mental harm"; (2) "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature'"; and (3) "when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]'" Advanced Textile Corp., 214 F.3d at 1068 (first alteration in original) (internal citations omitted).

"To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's

1 vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public
2 interest.'" Kamehameha Schools, 596 F.3d at 1042 (alteration in original) (quoting Advanced
3 Textile Corp., 214 F.3d at 1068).

### B. Request to Seal Filings

Pursuant to the Local Rules of the United States District Court, Eastern District of California, documents may only be sealed by written order of the Court upon the showing required by applicable law. L.R. 141(a). Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. Courts recognize a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989); Kamakana, 447 F.3d at 1179 ("Our case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation."). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana, 447 F.3d at 1179 (quoting Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).

Accordingly, the Court begins with the presumption that compelling reasons must be shown to seal documents not traditionally kept secret. See, e.g., Kamakana, 447 F.3d at 1179. It is clear that where the documents sought to be sealed are a dispositive pleading, such as a motion for summary judgment, or are attached to such motion, the strong presumption in favor of access fully applies because "the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Kamakana, 447 F.3d at 1179 (citations omitted). The Ninth Circuit previously drew a clear distinction between dispositive and non-dispositive motions in determining whether compelling reasons must be shown to seal such documents, stating: "In sum, we treat judicial records

1 attached to dispositive motions differently from records attached to non-dispositive motions."
2 Kamakana, 447 F.3d at 1179 ("Those who seek to maintain the secrecy of documents attached to
3 dispositive motions must meet the high threshold of showing that 'compelling reasons' support
4 secrecy [whereas a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records
5 attached to non-dispositive motions." (quoting Foltz, 331 F.3d at 1135)). The Ninth Circuit has
6 clarified "that public access to filed motions and their attachments does not merely depend on
7 whether the motion is technically 'dispositive.' Rather, public access will turn on whether the
8 motion is more than tangentially related to the merits of a case." Ctr. for Auto Safety v. Chrysler
9 Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016) (footnote omitted). Therefore, compelling
10 reasons must be shown to seal a motion that is more than tangentially related to the merits of the
11 case, or records attached thereto. Id.

### III.

### DISCUSSION

**A. Pseudonym and Sealing**

Here, Petitioner requests to be permitted to use a pseudonym and that all documents revealing his identity or relating to his Convention Against Torture ("CAT") claim be sealed to protect Petitioner and his family members from harm. (ECF Nos. 2, 4.) As a basis for these requests, Petitioner has stated a concern for his own safety if he were to return to his country of origin and for his family members residing in his home country. The Court has also reviewed the declaration of counsel Lydia Sinkus in support of Petitioner's petition for writ of habeas corpus, and the supporting documents attached thereto, which provide additional information in support of these proffered reasons.

Respondents oppose Petitioner's request to use a pseudonym, arguing that Petitioner's CAT claim "is merely a claim proffered in immigration court" Petitioner "is merely a convicted drug trafficker" whose "underlying federal criminal proceedings were public," and Petitioner "has failed to establish anonymity is necessary in the United States." (ECF No. 11 at 2.) Respondents do not state that they would suffer any prejudice if Petitioner were allowed to proceed under pseudonym.

1       "[R]etaliation from a foreign government is recognized by the Ninth Circuit and other
2 district courts as a sufficient basis to proceed anonymously." <u>Poozesh v. Pompeo</u>, No. 1:19-cv-
3 01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) (considering possible
4 retaliation by the Chinese government against Chinese national plaintiffs residing in Saipan and
5 their family members residing in China as supporting the use of pseudonyms (citing Does I thru
6 XXIII, 214 F.3d at 1063)); <u>International Refugee Assistance Project v. Trump</u>, No. TDC-17-
7 0361, 2017 WL 818255, at *2–3 (D. Md. Mar. 1, 2017) ("Potential retaliatory physical or mental
8 harm against individuals in another country can form the basis for permitting plaintiffs to use
9 pseudonyms."). Courts have granted motions to file pseudonymously based on CAT claims and
10 the petitioners' fears of persecution and retaliation should their identities be revealed. <u>See, e.g.</u>,
11 <u>Doe v. Becerra</u>, 732 F. Supp. 3d 1071, 1091 (N.D. Cal. 2024) ("Given the circumstances of Mr.
12 Doe's petition and his allegations that he will face torture or death if he returns to Mexico, the
13 Court previously granted Mr. Doe's motions to proceed under pseudonym[.]"); <u>E.O.P. v.</u>
14 <u>Andrews</u>, No. 1:25-cv-00721-SKO (HC), 2025 WL 1735396, at *1 (E.D. Cal. June 23, 2025);
15 <u>Doe v. Wofford</u>, No. 1:24-cv-00943-EPG-HC, 2025 WL 1305859, at *4 (E.D. Cal. May 6,
16 2025); <u>A.E. v. Andrews</u>, No. 1:25-cv-00107-KES-SKO (HC), 2025 WL 871334, at *1 (E.D. Cal.
17 Mar. 19, 2025).

18       Although Respondents characterize Petitioner's "sole proffered reason for anonymity" as
19 "merely a claim proffered in immigration court," (ECF No. 11 at 1), an immigration judge has
20 granted Petitioner's application for deferral of removal pursuant to CAT based on a
21 determination that Petitioner is more likely than not to face torture by or with the acquiescence of
22 a government official if removed to his country of origin. Respondents have not attempted to—
23 and cannot—argue that they would suffer any prejudice if Petitioner were allowed to proceed
24 under pseudonym given Petitioner's identity is known to the Court and Respondents.

25       Based on the Court's review of the severity of the harm, the reasonableness of the
26 Petitioner's proffered fears, Petitioner's vulnerability to retaliation, the lack of prejudice to
27 Respondents, and the public interest, the Court finds that the need for anonymity in this case
28 outweighs countervailing considerations. <u>See</u> <u>Kamehameha Schools</u>, 596 F.3d at 1042. For the

same reasons, and given Respondents' statement of nonopposition to sealing, the Court finds Petitioner has demonstrated compelling reasons that outweigh the general history of access and the public policies favoring disclosure and grants Petitioner's request to seal documents that would reveal his identity or the underlying basis of his fear-based claim. See Kamakana, 447 F.3d at 1178–79.

### B. Motion to Dismiss

Respondent also has moved to dismiss and strike unlawfully named respondents, arguing that the facility administrator for the Golden State Annex is the sole lawful party opponent. (ECF No. 11 at 3.) Petitioner contends that the motion "failed to comply with local court rules, as it is not a properly noticed motion" and "requests the Court deny the motion as non-compliant with the Court rules." (ECF No. 122 at 5.)

Given that it appears a hearing on the motion to dismiss and strike unlawfully named respondents is not necessary, the Court will excuse Respondent's failure to properly notice the motion this time. The Court will direct Petitioner to file a response to the motion, and Respondent may file a reply.

## IV.

## ORDER

Based on the Court's review of the severity of the harm, the reasonableness of Petitioner's fears, Petitioner's vulnerability to retaliation, the lack of prejudice to Respondents, and the public interest, the Court finds that the need for anonymity in this case outweighs countervailing considerations.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed under pseudonym (ECF No. 2) is GRANTED;
2. Petitioner's request to seal (ECF No. 4) is GRANTED;
3. Petitioner shall email future filings that are covered by this order due to their disclosure of Petitioner's identity or the underlying facts and claim to fear-based protection, to ApprovedSealed@caed.uscourts.gov for filing under seal in compliance with Local Rule 141;

4. Respondents shall continue to be bound by 8 C.F.R. § 208.6(b) and shall file future filings covered by this order under seal in compliance with Local Rule 141;

5. Within fourteen (14) days of the date of this order, Petitioner shall file an opposition or statement of nonopposition to Respondent's motion to dismiss and strike unlawfully named respondents (ECF No. 11); and

6. Any reply to an opposition shall be filed within seven (7) days after the opposition has been filed in CM/ECF.

IT IS SO ORDERED.

Dated: **June 26, 2025**

STANLEY A. BOONE
United States Magistrate Judge