UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, FACILITY ADMINISTRATOR AT GOLDEN STATE ANNEX,<br><br>Respondents. | No. 1:25-cv-00506-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING RESPONDENT'S MOTION TO STRIKE UNLAWFULLY NAMED RESPONDENTS, DENYING RESPONDENT'S MOTION TO DISMISS, AND DIRECTING RESPONDENT TO PROVIDE PETITIONER WITH A BOND HEARING BEFORE IMMIGRATION JUDGE<br><br>Doc. 27 |

Petitioner John Doe is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention under the Due Process Clause of the Fifth Amendment. *See* Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 8, 2025, the assigned magistrate judge issued findings and recommendations that recommended granting the petition for writ of habeas corpus, granting respondent's motion to strike unlawfully named respondents, denying respondent's motion to dismiss, and directing respondent to provide petitioner with a bond hearing before an immigration

1

1   judge. Doc. 27. Those findings and recommendations were served upon all parties and contained

2   notice that any objections thereto were to be filed within fourteen (14) days after service. On

3   September 21, 2025, petitioner filed a notice of non-opposition to the findings and

4   recommendations. Doc. 28. Respondent has not filed objections, and the deadline to do so has

5   passed.

6       In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

7   novo review of the case. Having carefully reviewed the entire file, the Court concludes that the

8   findings and recommendations are supported by the record and proper analysis.

9       Accordingly,

10      1.   The findings and recommendations issued on September 8, 2025, Doc. 27, are

11           adopted in full;

12      2.   The petition for writ of habeas corpus, Doc. 1, is GRANTED.

13      3.   Respondents' motion to dismiss the petition, Doc. 14, is DENIED.

14      4.   Respondents' motion to dismiss and strike unlawfully named respondents, Doc. 11, is

15           GRANTED. All respondents other than respondent Tonya Andrews are dismissed.

16           Tonya Andrews, the facility administrator of Golden State Annex, remains as the

17           proper respondent in this matter.

18      5.   Respondent is ordered to provide petitioner with an individualized bond hearing

19           before an immigration judge that comports with the requirements set forth in *Singh v.*

20           *Holder*, 638 F.3d 1196 (9th Cir. 2011). "[T]he government must prove by clear and

21           convincing evidence that [petitioner] is a flight risk or a danger to the community to

22           justify denial of bond." *Id.* at 1203. In the event that petitioner is determined not to be

23           a danger to the community and not to be so great a flight risk as to require detention

24           without bond, the immigration judge should consider petitioner's financial

25           circumstances and alternative conditions of release in accordance with *Hernandez v.*

26           *Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

27   ///

28   ///

6.     The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   October 11, 2025

_____
UNITED STATES DISTRICT JUDGE